IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01186-REB-CBS

MARY ROBINSON,

    Plaintiff,

v.

DEAN FOODS COMPANY,
a Delaware Corporation;
DEAN WEST, LLC,
a Delaware limited liability company, and SOUTHERN
FOODS GROUP, LLC, a Delaware limited liability
company doing business as MEADOW GOLD DAIRY,

    Defendants.

---

**STIPULATED APPENDIX TO AMENDED SCHEDULING ORDER**

---

Pursuant to the Court's September 16, 2008 Minute Order, Plaintiff Mary Robinson and Defendants Dean Foods Company, Dean West, LLC, and Southern Foods Group, LLC ("Defendants") submit the following Stipulated Appendix to the September 16, 2008 Amended Scheduling Order. Plaintiff and Defendants are collectively referred to herein as the "Parties." This Stipulated Appendix is submitted in response to Plaintiff's indication that a significant amount of discovery in this action relates to electronically stored information ("ESI").

Pursuant to Fed.R.Civ.P. 26(b)(1), the Parties may obtain discovery of any nonprivileged information relevant to the claims and defenses at issue in this action. As to ESI, the Parties agree to the following:

    1.    The Parties will preserve ESI that relates to Plaintiff's performance, job requirements, termination and Defendants' efforts to reinstate her. This includes ESI related to

any complaints other employees of Defendants may have made about Plaintiff as well as any complaints Plaintiff may have made about her job duties and responsibilities. In addition, this includes efforts Defendants made to return Plaintiff to work following the January 7, 2007 arbitration decision.

2. The Parties agree that the relevant time frame for purposes of discoverable ESI is January 1, 2006 through March 31, 2007. Plaintiff takes the position that Defendants' duty to preserve ESI began on May 16, 2006, the day Plaintiff's Union grieved the decision to terminate her employment. Defendants take the position that their obligation to preserve ESI began on August 17, 2008, when Plaintiff filed her Amended Complaint. While Defendants may have had an obligation to preserve ESI as of the date of Plaintiff's grievance, Defendants take the position that any such obligation expired when she settled that grievance and resigned her employment.

3. The pertinent computer system is located at Defendants' Denver operations as well as its headquarters in Texas.

4. Defendants have identified potential categories of ESI related to Plaintiff and removed the ESI from its document destruction policy. In order to preserve ESI, Defendant has issued a ªlitigation holdº letter instructing employees to preserve any ESI. Plaintiff has and will preserve any ESI she created on any computer in her care, custody or control.

5. The Parties' agreement pertains to ESI currently available on existing hard drives and servers as well as information on any back up or archival tapes.

6. At this time, the Parties do not anticipate the need for depositions or interrogatories to discover information about the opposing Party's computer system or electronic records management procedures. If such a need arises, and after all attempts to resolve the dispute in good faith have failed, the Parties agree to schedule a telephone conference with the

Court in order to resolve the issue.

7. In the event that either Party contends that inquiries regarding ESI might be overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence, they will attempt to resolve the dispute in good faith. To the extent the Parties cannot resolve the discovery dispute, the Parties agree to schedule a telephone conference with the Court in order to resolve the issue.

8. In the event ESI containing privileged information is inadvertently disclosed, the Parties agree that the disclosure will not act as a waiver of any privilege, and the Party producing the ESI may assert the privilege. The Party receiving any such privileged ESI will not assert waiver and will return the information to the Party that produced it.

9. The Parties agree that discovery involving ESI on existing hard drives and servers is no more burdensome than discovery of any other written documents and the costs of such discovery will be borne by the Party producing the ESI. To the extent ESI involves back up or archival tapes, the Party producing the ESI shall provide a good faith estimate of the costs of such discovery to the requesting Party and such costs will be borne by the Party requesting the information if such Party elects to undertake the discovery after receiving the good faith estimate.

DATED at Denver, Colorado, this 3rd day of November, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

*/s Jennifer C. Robinson*
Jennifer C. Robinson
ROBINSON AND ASSOCIATES LAW OFFICES, LLC
7900 E. Union Avenue, Suite 1100
Denver, Colorado 80237
Telephone: 303.866.9793
ATTORNEYS FOR PLAINTIFF
MARY ROBINSON

*/s Joshua B. Kirkpatrick*
Joshua B. Kirkpatrick
Michelle S. Simmons
LITTLER MENDELSON
A Professional Corporation
1200 17th Street, Suite 1000
Denver, CO 80202.5835
Telephone: 303.629.6200
ATTORNEYS FOR DEFENDANTS
DEAN FOODS COMPANY, DEAN WEST, LLC, AND
SOUTHERN FOODS GROUP, LLC, D/B/A MEADOW GOLD DAIRY