IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-01186-REB-CBS

MARY ROBINSON

    Plaintiff,

vs.

DEAN FOODS COMPANY,
a Delaware Corporation;
DEAN WEST, LLC,
a Delaware limited liability corporation,
SOUTHERN FOODS GROUP, LLC,
a Delaware limited liability company doing business as
MEADOW GOLD DAIRY.

    Defendants.

# ORDER DENYING DEFENDANTS' FIRST AND SECOND MOTIONS TO DISMISS

**Blackburn, J.**

This matter is before me on (1) the defendants' **Motion To Dismiss** [#4][1] filed July 3, 2008; and (2) the defendants' **Motion To Dismiss Plaintiff Mary Robinson's Amended Complaint** [#30] filed September 10, 2008. The plaintiff filed responses [#7 & #45] to both motions, and the defendants filed a reply [#14] in support of its first motion to dismiss. I deny both motions.

## I. JURISDICTION

I have jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question).

---

[1] "[#4]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of FED. R. CIV. P. 8(a).  I must accept all well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff. **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002); **Alvarado v. KOB-TV, L.L.C.**, 493 F.3d 1210, 1215 (10th Cir. 2007).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." **Fernandez-Montes v. Allied Pilots Ass'n**, 987 F.2d 278, 284 (5th Cir. 1993); **See also Ruiz v. McDonnell**, 299 F.3d 1173, 1181 (10th Cir. 2002), **cert. denied**, 123 S.Ct. 1908 (2003) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true.").

Moreover, I review the complaint to determine whether it "contains 'enough facts to state a claim to relief that is plausible on its face'." **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (**quoting Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  In **Bell Atlantic**, the Court determined that a plaintiff must "nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." **Id.**  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

*these* claims." *Id.* (emphases in original).[2]

## III. FACTS

A brief summation of the facts and procedural history that give rise to this dispute is necessary to understand the two motions to dismiss. The plaintiff, Mary Robinson, is a former employee of the defendants. The defendants say they terminated Robinson's employment on May 15, 2006, based on her insubordination. *Motion to dismiss* [#30], p. 3. On May 24, 2006, the plaintiff submitted a Charge of Discrimination to the Colorado Civil Rights Division seeking redress for alleged discrimination by the defendants on the basis of sex, age, and disability, and for retaliation.[3] The plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) on August 6, 2007, and she filed suit against the defendants in this court on October 30, 2007 (2007 Complaint). In her 2007 Complaint the plaintiff asserted employment discrimination claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 - 634, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e, and the Colorado Anti-Discrimination Act, §§24-34-101 - 901, C.R.S.

Senior United States District Judge, Richard P. Matsch, dismissed the plaintiff's 2007 Complaint without prejudice on May 14, 2008, based on her failure to serve the defendants within 120 days as required by FED. R. CIV. P. 4(m). ***Robinson v. Dean Foods***, No. 07-cv-02288 (D. Colo. May 14, 2008 ), Order of Dismissal Without

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" standard of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The "plausibility" standard and its meaning recently were clarified in ***Robbins v. Oklahoma***, – F.3d –, 2008 WL 747132 (10th Cir. March 21, 2008).

[3] The Plaintiff amended her Charge of Discrimination on May 29, 2007, to add a race claim. (motion to dismiss [#4], p. motion to dismiss [#30], p. 5; Defs.' First Mot. Dismiss ¶ 5).

Prejudice [#5]. The plaintiff failed to comply with the requirement that she serve the defendants within 120 days because her attorney attempted to e-mail waivers of service of process to the defendants' counsel on February 22, 2008, but was unsuccessful because counsel made a typographical error. *Response to first motion to dismiss* [#7], p. 3. Consequently, the defendants' counsel did not receive those waivers of service within the requisite 120 days. *Id.* FED. R. CIV. P. 4(m) provides that "if the plaintiff shows good cause for the failure [of service of process], the court must extend the time for service for an appropriate period." However, Judge Matsch determined that the typographical error made by the plaintiff's attorney did not constitute good cause and dismissed the plaintiff's case without prejudice.

Twenty one days later, on June 5, 2008, the plaintiff filed the present case. In her original complaint in this case (2008 Complaint), the plaintiff named the same defendants and asserted essentially the same claims as she had in her 2007 Complaint. In their first motion to dismiss [#4], the defendants argued, *inter alia*, that the plaintiff's complaint should be dismissed because it is barred by the relevant period of limitations. A plaintiff asserting a claim under the ADEA, the ADA, or Title VII must file suit within 90 days after receiving a right-to-sue letter from the EEOC. 29 U.S.C. § 626(e) (ADEA); 42 U.S.C. § 12117(a) (ADA); 42 U.S.C. § 2000e-5(f)(1) (Title VII). The same is true for a claim under the Colorado Anti-Discrimination Act. §24-34-306(2)(b)(I)(B), C.R.S. The plaintiff filed her 2007 Complaint 84 days after she received the relevant EEOC right-to-sue letter. The pendency of her 2007 Complaint did not toll the period of limitations. **Brown v. Hartshorne Pub. Sch. Dist.**, 926 F.2d 959, 961 (10th Cir.1991), abrogated on other grounds as stated in **Keeler v. Cereal Food Processors**, 250 Fed.Appx. 857, 860-61 (10th Cir.2007). For the plaintiff, the 90 day period of limitations applicable to

4

her ADEA, ADA, Title VII, and Colorado Anti-Discrimination Act claims expired on November 3, 2007, shortly after she filed her 2007 Complaint.

The plaintiff filed a response [#7] to the first motion to dismiss, arguing that the period of limitations should be tolled, and the defendants filed a reply [#14]. After the plaintiff filed her response to the motion to dismiss, she obtained a different attorney. On August 17, 2008, the plaintiff's new attorney filed an Amended Complaint [#18]. In her Amended Complaint, the plaintiff does not assert claims under the ADEA, ADA, Title VII, or the Colorado Anti-Discrimination Act. Rather, she asserts two claims under 42 U.S.C. § 1981. The plaintiff's § 1981 claims are based on allegations of race discrimination in employment and retaliation for her complaints about employment discrimination. Her claims are based on factual allegations that are very similar to the factual allegations on which her earlier race discrimination and retaliation claims were based. The statute of limitations applicable to employment discrimination claims under 42 U.S.C. § 1981 is four years. **See Harris v. Allstate Insurance Co.**, 300 F.3d 1183, 1186 - 1190 (10th Cir. 2002) (employment discrimination claim based on imposition of discriminatory working conditions may be based only on 42 U.S.C. § 1981(b), and not § 1981(a); four year statute of limitations stated in 28 U.S.C. § 1658 applies to claims under § 1981(b)).

Following the filing of the amended complaint, the defendants filed their second motion to dismiss [#30]. The defendants assert that the plaintiff's amended complaint should be dismissed because: (1) Judge Matsch's dismissal was, in effect, a dismissal with prejudice, and, therefore, the plaintiff first must move to reopen her 2007 suit and then obtain leave to amend her 2007 Complaint; (2) leave to amend is inappropriate when the plaintiff is using an amendment to salvage a lost case with an untimely

5

assertion of new theories of recovery; and (3) the plaintiff's claims are barred by the doctrines of claim and issue preclusion. I disagree.

## IV. ANALYSIS

### A. Propriety of Plaintiff's Amended Complaint

The defendants argue that Judge Matsch's dismissal should be treated as a dismissal with prejudice and that the plaintiff's Amended Complaint should be dismissed because the plaintiff's employment discrimination claims previously were dismissed with prejudice. The defendants argue also that the plaintiff's filing of her Amended Complaint was improper. I disagree.

The defendants argue that Judge Matsch's dismissal should be seen now as the functional equivalent of a dismissal with prejudice because the applicable period of limitations on the plaintiff's ADEA, ADA, Title VII, and Colorado Anti-Discrimination Act claims had expired by the time Judge Matsch dismissed the 2007 Complaint. Some courts have applied such a rule in certain cases. ***See, e.g., Putnam v. Morris***, 833 F.2d 903, 905 (10th Cir. 1987); ***AdvantEdge Business Group v. Thomas E. Mestmaker & Associates, Inc.***, 552 F.3d 1233, 1236 (10th Cir. 2009) (dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired). I note, however, that Judge Matsch's dismissal of the plaintiff's 2007 Complaint explicitly was without prejudice. "The primary meaning of 'dismissal without prejudice,' we think, is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." ***Semtek Intern. Inc. v. Lockheed Martin Corp.***, 531 U.S. 497, 505 (2001). Dismissal without prejudice does not serve to resolve the claims on the merits, and Judge Matsch did not even begin to address the merits of the plaintiff's claims or the impact of the period of limitations on those claims.

6

No doubt, the plaintiff's 2008 Complaint –  her original complaint in this case – was subject to dismissal when it was filed because the period of limitations had expired as to the claims she asserted in that complaint.  However, the plaintiff acted to remedy this flaw by filing her amended complaint asserting § 1981 claims, which are claims on which the applicable period of limitations has not expired.  Of course, Judge Matsch's order does not address the § 1981 claims and, under the circumstances of this case, his order does not have the practical effect of a dismissal with prejudice as to the § 1981 claims because those claims are subject to a longer period of limitations.

Under FED. R. CIV. P. 15(a)(1), a party may amend her complaint once as a matter of course before being served with a responsive pleading.  The defendants' first motion to dismiss [#4] in this case is not a responsive pleading, and the plaintiff's amended complaint was filed before any responsive pleading was filed.  **See, e.g., Barbara v. New York Stock Exch.**, 99 F.3d 49, 56 (2nd Cir. 1996) (a motion to dismiss is not a responsive pleading within the meaning of FED. R. CIV. P. 15(a)).  Under FED. R. CIV. P. 15(c)(1)(B), the amended complaint relates back to the filing of the original complaint.  "Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version."  **See Snyder v. Pascack Valley Hosp.**, 303 F.3d 271, 276 (3rd Cir. 2002).  At this stage, I must view this case as if the plaintiff initially filed this case asserting the two § 1981 claims that she asserts in her Amended Complaint.

Although the plaintiff changed the lay of the land significantly with the filing of her Amended Complaint, I conclude that it is not proper to treat the plaintiff's § 1981 employment discrimination claims as barred based only on Judge Matsch's dismissal of the plaintiff's 2007 Complaint without prejudice.  On its face, Judge Matsch's order left

7

the plaintiff with the option to file a new case, **Semtek Intern. Inc.**, 531 U.S. at 505, and she now has filed a new case asserting claims that are not time barred.  I conclude that these claims should be addressed on the merits as opposed to dismissing those claims, without addressing the merits, by converting Judge Matsch's dismissal into a dismissal with prejudice.  I have reviewed the defendants' other arguments challenging the propriety of the plaintiff's amended complaint and, in the circumstances of this case, I find them to be unavailing.  Finally, because I have concluded that the plaintiff's Amended Complaint [#18] is the operative complaint, I deny as moot the defendants' Motion To Dismiss [#4], which was filed before the Amended Complaint.

### B. Claim Preclusion & Issue Preclusion

The defendants argue also that the plaintiff's § 1981 claims are barred by the doctrines of claim preclusion and issue preclusion.[4]   I disagree.

### 1.  Claim Preclusion

The doctrine of claim preclusion will "prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." **MACTEC, Inc. v. Gorelick**, 427 F.3d 821, 831 (10th Cir. 2005).  Three elements are required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action; (2) identify of the parties in the two suits; and (3) identity of the cause of action in both suits.  **Id**. (**citing Wilkes v. Wyo. Dep't of Employment Div. of Labor Standards**, 314 F.3d 501, 504 (10th Cir. 2003)).  "If these requirements are met, [claim preclusion] is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit."  **Id**. (**citing Yapp v. Excel**

---

[4] These doctrines are known also as the doctrines of *res judicata* and *collateral estoppel*, respectively.

8

***Corp.***, 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

The defendants argue that the doctrine of claim preclusion applies because the plaintiff's union filed a grievance on her behalf pursuant to a collective-bargaining agreement between the parties, and the grievance was arbitrated in January 2007. The defendants contend that the first element of claim preclusion is satisfied because "a valid and final award by arbitration generally has the same effect under the rules of [claim preclusion] as a judgment of a court." ***MACTEC, Inc.***, 427 F.3d at 831. The defendants argue that the second element is satisfied because the plaintiff and defendant Dean Foods Company were parties to the 2007 arbitration. Finally, the defendants contend that the third element is satisfied because "there is sufficient identity of the claims pursued on the Plaintiff's behalf, and she had a full and fair opportunity to litigate her claims before the arbitrator." *Motion to dismiss* [#30], p. 11. The defendants argue the plaintiff's 42 U.S.C. § 1981 claims are the same as her arbitration claims because a cause of action includes all claims or theories of recovery that arise from the same transaction.

The United States Supreme Court has determined that an arbitral decision does not preclude a subsequent action asserting federal statutory rights when the parties did not agree to arbitrate those rights. In ***McDonald v. City of West Branch***, 466 U.S. 284, 285 (1984), the plaintiff, a discharged police officer, filed a grievance under a collective-bargaining agreement between the parties, and the grievance was taken to arbitration. The arbitrator ruled against the plaintiff, who subsequently filed a 42 U.S.C. § 1983 action against the defendants. *Id*. at 286. On appeal, the United States Court of Appeals for the Sixth Circuit concluded that the parties had agreed to arbitrate their disputes and that, based on the arbitration of the plaintiff's claims, the claims asserted

9

by the plaintiff in his lawsuit were barred by the doctrines of claim and issue preclusion. *Id*. at 287. The Supreme Court reversed, concluding that "in a § 1983 action, a federal court should not afford res judicata or collateral-estoppel" effect to "an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement." *Id*. at 292. The Court reasoned that "according preclusive effect to an arbitration award in a subsequent § 1983 action would undermine that statute's efficacy in protecting federal rights." *Id*. at 290. **See also, Alexander v. Gardner-Denver Co.**, 415 U.S. 36 (1974) (Title VII action not precluded by prior arbitration of grievance under terms of collective bargaining agreement).

In **McAlester v. United Air Lines, Inc**., 851 F.2d 1249, 1255 (10th Cir. 1988), the Tenth Circuit concluded:

> (t)he Supreme Court has considered the effect of arbitral decisions on claims brought under all but the Civil Rights Act of 1866, 42 U.S.C. § 1981. In each case, the Supreme Court held that the arbitral decision did not preclude an independent cause of action under the applicable federal statute.

*Id*. The **McAlester** court concluded that an arbitral decision obtained under the terms of a collective bargaining agreement did not preclude the plaintiff's § 1981 claim alleging race discrimination by the defendant in the plaintiff's employment. *Id*. at 1255 - 1256.

It must be noted, however, that in **Gilmer v. Interstate/Johnson Lane Corp.**, the Supreme Court concluded that an arbitration agreement between an employee and an employer can be applicable to a claim under the ADEA. 500 U.S. 20, 35 (1991). The **Gilmer** court noted that **McDonald** and **Gardner-Denver** did not involve an agreement to arbitrate statutory claims. *Id*. at 35. Rather, those cases involved "the quite different issue of whether arbitration of contract-based claims precluded subsequent judicial resolution of statutory claims. Since the employees there had not

agreed to arbitrate their statutory claims, and labor arbitrators were not authorized to resolve such claims, the arbitration in those cases understandably was held not to preclude subsequent statutory actions." *Id*.

In the present case, the applicable collective bargaining agreement includes an article titled grievance and arbitration. *Motion to dismiss* [#30], Attachment 1 (Collective Bargaining Agreement), p. 5, Article 10. Article 10 of the Collective Bargaining Agreement provides:

> All alleged disputes, differences or controversies covering the interpretation of or adherence to the specific terms and provisions of this Agreement shall be handled in accordance with the terms of this Article.

Article 10 then provides detailed procedures for the resolution of such grievances. Even if the plaintiff could agree to arbitrate her § 1981 claims, and I need not decide whether or not she could, the arbitration provision of the applicable Collective Bargaining Agreement does not include such an agreement. Rather, the provision is limited to "differences or controversies covering the interpretation of or adherence to the specific terms and provisions of this Agreement." *Collective Bargaining Agreement*, p. 5, Article 10. Thus, I conclude that the plaintiff's § 1981 claims are not subject to arbitration under the agreement.

In this circumstance, the rules established in **McDonald** and **McAlester** are applicable. The arbitration of the plaintiff's union grievance under the terms of the Collective Bargaining Agreement is not sufficient to invoke the doctrine of claim preclusion as to the plaintiff's claims under § 1981.

## 2. Issue Preclusion

The defendants argue also that the plaintiff's claims are barred by the doctrine of issue preclusion. This doctrine will "bar a party from re-litigating an issue once it has

11

suffered an adverse determination on the issue, even if the issue arises when the party is pursuing or defending against a different claim." **Burrell v. Armijo**, 456 F.3d 1159, 1172 (10th Cir. 2006) (**quoting Park Lake Res., Ltd. Liab. Co. v. United States Dep't of Agric.**, 378 F.3d 1132, 1136 (10th Cir. 2004)).  Four elements are required to apply the doctrine of issue preclusion: (1) the issue previously decided is identical with the one presented in the action in question; (2) the prior action has been finally adjudicated on the merits; (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication; and (4) the party against whom the doctrine is raised had a fill and fair opportunity to litigate the issue in the prior action.  **Id**. (citing **Dodge v. Cotter Corp.**, 203 F.3d 1190, 1198 (10th Cir. 2000)).

The defendants contend that these four elements have been satisfied based on the arbitration of the plaintiff's union grievance as described above.  As discussed above with regard to claim preclusion, an arbitral decision does not preclude a subsequent judicial action asserting a federal statutory right, particularly when the plaintiff has not agreed to arbitrate the statutory right asserted in the judicial action.  Therefore, I conclude that the plaintiff's § 1981 claims are not barred by the doctrine of issue preclusion.

## V.  CONCLUSION & ORDERS

The plaintiff's Amended Complaint was filed properly in this case and is the operative complaint.  Under the circumstances of this case, Judge Matsch's order dismissing the plaintiff's previous case without prejudice should not now be treated as a dismissal of the plaintiff's claims with prejudice.  finally, the plaintiff's claims are not barred by the doctrines of claim preclusion or issue preclusion.

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendants' **Motion To Dismiss** [#4] filed July 3, 2008, is **DENIED** as moot; and

2. That the defendants' **Motion To Dismiss Plaintiff Mary Robinson's Amended Complaint** [#30] filed September 10, 2008, is **DENIED**.

Dated March 18, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge