IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 08-cv-01186-REB-CBS

MARY ROBINSON

    Plaintiff,

vs.

DEAN FOODS COMPANY,
a Delaware Corporation;
DEAN WEST, LLC,
a Delaware limited liability corporation,
SOUTHERN FOODS GROUP, LLC,
a Delaware limited liability company doing business as
MEADOW GOLD DAIRY.

    Defendants.

## ORDER CONCERNING DEFENDANTS' MOTION FOR SANCTIONS

**Blackburn, J.**

This matter is before me on the defendants' **Motion for Sanctions** [#19][1] filed August 18, 2008. The plaintiff filed a response [#29], and the defendants filed a reply [#39]. I grant the motion in part, and I deny the motion in part.

## I. BACKGROUND

A brief summary of the history of this case is necessary to an understanding of the defendants' motion and my ruling. The plaintiff, Mary Robinson, is a former employee of the defendants. The defendants say they terminated Robinson's employment on May 15, 2006, based on her insubordination. *Motion to dismiss* [#30],

---

[1] "[#19]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

p. 3.  On May 24, 2006, the plaintiff submitted a Charge of Discrimination to the Colorado Civil Rights Division seeking redress for alleged discrimination by the defendants on the basis of sex, age, and disability, and for retaliation.[2]  The Plaintiff received a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) on August 6, 2007, and she filed suit against the defendants in this court on October 30, 2007 (2007 Complaint).  In her 2007 Complaint, the plaintiff asserted employment discrimination claims under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621 - 634, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12102 - 12213, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e - 2000e, and the Colorado Anti-Discrimination Act, §§24-34-101 - 901, C.R.S.

Senior United States District Judge Richard P. Matsch dismissed the plaintiff's 2007 Complaint without prejudice on May 14, 2008, based on her failure to serve the defendants within 120 days, as required by FED. R. CIV. P. 4(m).  ***Robinson v. Dean Foods***, No. 07-cv-02288 (D. Colo. May 14, 2008 ), Order of Dismissal Without Prejudice [#5].  The plaintiff failed to comply with the requirement that she serve the defendants within 120 days because her counsel attempted to e-mail waivers of service of process to the defendants' counsel on February 22, 2008, but was unsuccessful because counsel made a typographical error.  *Response to motion to dismiss* [#7], p. 3. Consequently, the defendants' counsel did not receive those waivers of service within the requisite 120 days.  *Id.*

Twenty one days later, on June 5, 2008, the plaintiff filed the present case.  In her original complaint in this case, the plaintiff named the same defendants and

---

[2]The Plaintiff amended her Charge of Discrimination on May 29, 2007, to add a race claim. (motion to dismiss [#4], p. motion to dismiss [#30], p. 5; Defs.' First Mot. Dismiss ¶ 5).

2

asserted essentially the same claims as she had in her 2007 Complaint. The defendants argue that the plaintiff's claims were time barred when her complaint was filed on June 5, 2008. Defendants' counsel apprised plaintiff's counsel of the defendants' time bar argument in two letters, dated June 10 and July 3, 2008, and in the defendants' motion to dismiss [#4] filed July 3, 2008. In addition, on July 23, 2008, the defendants' counsel served its present motion for sanctions on the plaintiff's counsel. As required by FED. R. CIV. P.11(c)(2), defendants' counsel did not file the motion for sanctions until August 18, 2008, satisfying the 21 day safe harbor waiting period of Rule 11.

The plaintiff filed a response [#7] to the motion to dismiss on July 23, 2008, and on August 7, 2008, the defendants filed a reply [#14] in support of the motion to dismiss. Meanwhile, the plaintiff obtained new counsel. On August 15, 2008, the plaintiff's new counsel filed her entry of appearance [#17], and on August 17, 2008, the plaintiff filed her Amended Complaint [#18]. In the Amended Complaint, the plaintiff asserts two claims under 42 U.S.C. § 1981. These claims are based on essentially the same factual allegations that were the basis of the plaintiff's previous claims of race discrimination and unlawful retaliation, as asserted in her earlier complaint. With the filing of the Amended Complaint, the plaintiff's prior claims under the ADEA, ADA, Title VII, and Colorado Anti-Discrimination Act effectively were withdrawn.

In their present motion, the defendants argue that the plaintiff and her counsel should be sanctioned because the claims asserted in the original complaint in this case were time barred when the complaint was filed, and because the plaintiff refused to withdraw those claims when notified of the time bar. The defendants' argue also that the plaintiffs' Amended Complaint also is not properly before the court. The defendants

3

seek sanctions under FED. R. CIV. P.11, 28 U.S.C. § 1919, 28 U.S.C. § 1927, and 42 U.S.C. § 2000e-5(k).

In my Order Denying Defendants' First and Second Motions to Dismiss [#64] entered March 18, 2009, I concluded that the ADEA, ADA, Title VII, and Colorado Anti-Discrimination Act claims asserted by the plaintiff in her original complaint, filed June 5, 2008, were time barred. I concluded also in that order that the plaintiff's Amended Complaint, in which she asserts claims under § 1981, properly is before the court. In that order, I denied as moot the defendants' motion [#4] to dismiss the plaintiff's first complaint in this case, and I denied the defendants' motion [#30] to dismiss the plaintiff's Amended Complaint.

## II. ANALYSIS

Under FED. R. CIV. P.11, sanctions may be awarded only when frivolous claims are not withdrawn within 21 days after the date a movant serves a proposed motion for sanctions on the subject parties. Here, the plaintiff's time barred claims effectively were withdrawn, after plaintiff obtained new counsel, 25 days after the defendants served the plaintiff with the defendants' proposed motion for sanctions. Again, I have concluded that the plaintiff's Amended Complaint, in which she asserts claims that are not time barred, properly is before the court. Given these circumstances, I conclude that Rule 11 sanctions are not appropriate.

28 U.S.C. § 1919 provides for "the payment of just costs" when "an action or suit is dismissed in any district court . . . for want of jurisdiction." The present case has not been dismissed, and § 1919 is not applicable.

42 U.S.C. § 2000e-5(k) permits a court, in its discretion, to award attorney fees to a prevailing defendant in a Title VII case. Some, but not all, of the claims asserted by

4

the plaintiff in her original complaint in this case were Title VII claims. Under the circumstances presented by this case, I conclude that an award of fees based only on the plaintiff's Title VII claims is not appropriate.

Finally, 28 U.S.C. § 1927 provides that "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 provides for sanctions to be assessed against an attorney, but not against a party to the action. **Braley v. Campbell**, 832 F.2d 1504, 1511 (10th Cir. 1987). The inquiry under § 1927 "is whether the proceedings have been unreasonably and vexatiously multiplied." **Steinert v. Winn Group, Inc.**, 440 F.3d 1214, 1223 (10th Cir. 2006). Section 1927 sanctions may not be awarded based on the filing of a complaint that includes the claims in question in the motion for sanctions. **Steinert v. Winn Group, Inc.**, 440 F.3d 1214, 1224 - 1225 (10th Cir. 2006). Rather, § 1927 sanctions are appropriate only when a party's attorney persists in defending a claim beyond the first attempt to dismiss that claim. *Id*. at 1225. Sanctions under § 1927 cover only excess costs, expenses, and fees reasonably incurred because of an attorney's unreasonable and vexatious multiplication of the proceedings.

In this case, I conclude that the plaintiff's former counsel began unreasonably and vexatiously to multiply proceedings on the plaintiff's time barred claims when he failed to withdraw those claims in the face of the defendants' letters to plaintiff's counsel, the defendants' motion to dismiss [#4], and the defendants' proposed motion for sanctions, which was served on the plaintiff's counsel on July 23, 2008. The defendants' motion to dismiss [#4] clearly outlines the reasons that the plaintiff's claims in her initial complaint were time barred. Rather than withdraw those claims, the

5

plaintiff's former counsel filed a response [#7] to the motion to dismiss in which he asserted an argument for equitable tolling that has no basis in law. This response necessitated the filing of a reply by the defendants. Ten days after the reply was filed, the plaintiff, through her new counsel, effectively withdrew the time barred claims by filing an Amended Complaint. Thus, I find that under § 1927, the defendants are entitled to an award of their excess costs, expenses, and attorney fees reasonably incurred in (A) reviewing and replying to the plaintiff's response [#7] to the defendants' motion to dismiss [#4]; and (B) preparing the defendants' Motion for Sanctions [#19] filed August 18, 2008. These filings were necessitated by the unreasonable and vexatious multiplication of proceedings by the plaintiff's former counsel.

I note that the defendants filed a reply [#39] in support of their motion for sanctions. The reply addresses the plaintiff's response [#29] to the motion for sanctions, which response was prepared by the plaintiff's new counsel. The response contains several valid arguments concerning the bases for a possible award of sanctions. I conclude that with the response [#29], the unreasonable and vexatious multiplication of these proceedings had ended. Therefore, I decline to parse the issues addressed in the defendants' reply [#39] to determine what portion of the reply might provide a proper basis for § 1927 sanctions.

On the current record, I have no basis on which to determine the amount of excess costs, expenses, and attorney fees reasonably incurred by the defendants in (A) reviewing and replying to the plaintiff's response [#7] to the defendants' motion to dismiss [#4]; and (B) preparing the defendants' Motion for Sanctions [#19] filed August 18, 2008. Thus, I direct the defendants to file with the court a statement of their excess costs, expenses, and attorney fees reasonably incurred on those tasks.

6

## III. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendants' **Motion for Sanctions** [#19] filed August 18, 2008, is **GRANTED** in part;

2. That under 28 U.S.C. § 1927, the defendants are **AWARDED** their excess costs, expenses, and attorney fees reasonably incurred in (A) reviewing and replying to the plaintiff's response [#7] to the defendants' motion to dismiss [#4]; and (B) preparing the defendants' Motion for Sanctions [#19] filed August 18, 2008;

3. That the court's award of excess costs, expenses, and attorney fees **SHALL BE PAID** to the defendants by Kent P. Long, the plaintiff's former counsel who filed the response [#7] that unreasonably and vexatiously multiplied these proceedings;

4. That on or before **April 10, 2009**, counsel for the defendants **SHALL FILE** a statement of the excess costs, expenses, and attorney fees reasonably incurred by the defendants in (A) reviewing and replying to the plaintiff's response [#7] to the defendants' motion to dismiss [#4]; and (B) preparing the defendants' Motion for Sanctions [#19] filed August 18, 2008;

5. That the deadlines for any response and reply concerning the defendants' statement of excess costs, expenses, and attorney fees **SHALL BE GOVERNED** by D.C.COLO.LCivR 7.1 C; and

6. That the defendants' **Motion for Sanctions** [#19], filed August 18, 2008, is **DENIED** otherwise.

Dated March 18, 2009, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge