**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 08-cv-01186-REB-CBS

MARY ROBINSON

      Plaintiff,

vs.

DEAN FOODS COMPANY,
a Delaware Corporation;
DEAN WEST, LLC,
a Delaware limited liability corporation,
SOUTHERN FOODS GROUP, LLC,
a Delaware limited liability company doing business as
MEADOW GOLD DAIRY.

      Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**Blackburn, J.**

This matter is before me on the defendants' **Motion To Dismiss Third and Fourth Claims for Relief Contained in Plaintiff Mary Robinson's Second Amended Complaint** [#92][1] filed June 12, 2009. The plaintiff filed a response [#102] and the defendants filed a reply [#103]. I grant the motion.

### I. JURISDICTION

I have jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction).

---

[1] "[#92]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." ***Fernandez-Montes v. Allied Pilots Association***, 987 F.2d 278, 284 (5th Cir. 1993); ***see also Ruiz v. McDonnell***, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), ***cert. denied***, 123 S.Ct. 1908 (2003).  I review the amended complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." ***Id.*** (emphases in original).[2]

---

[2] ***Twombly*** rejected and supplanted the "no set of facts" language of ***Conley v. Gibson***, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit recently clarified the meaning of the "plausibility" standard:

> "plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.
>
> This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it

2

In her Second Amended Complaint, the plaintiff refers explicitly to, and quotes from, the defendants' Answer and Counterclaim [#66] filed March 31, 2009. By her references to and quotation from the counterclaim, the plaintiff has incorporated the counterclaim into her complaint by reference. Therefore, it is proper for me to consider the defendants' counterclaim [#66], including the attached Exhibit A, in resolving the defendants' motion to dismiss. *See, e.g., Smith v. U.S.*, 561 F.3d 1090, 1098 (10th Cir. 2009).

### III.  FACTS

The plaintiff, Mary Robinson, alleges in her complaint that the defendants discriminated against her based on her race when the defendants terminated her employment. I refer to the defendants' collectively as Meadow Gold. Robinson claims also that the defendants retaliated unlawfully against her for her opposition to the defendants' alleged discrimination. These two claims are addressed in my order granting the defendant's motion for summary judgment, which order is issued concurrently with this order. Two additional claims, described below, are addressed in the defendants' motion to dismiss and this order.

After Robinson's employment was terminated, she filed a union grievance concerning her termination. Ultimately, Robinson and the defendants agreed to a settlement of the grievance. The terms of the settlement are stated in a written agreement signed by the parties. *Answer and Counterclaim* [#66], filed March 31, 2009, Exhibit A (Settlement Agreement). The defendants agreed to reinstate Robinson's

---

is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

*Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting *Twombly*, 127 S.Ct. at 1974; internal citations and footnote omitted).

3

employment, to pay her back pay from May 15, 2006, to January 26, 2007, and to make pension contributions for that period. *Id.* Robinson agreed that she voluntarily had made the decision to retire from her employment, without coercion from the defendants or the union. *Id.* The union agreed to withdraw all grievances filed by Robinson. *Id.* Robinson did not waive her right to bring employment discrimination claims against the defendants.

Responding to Robinson's Amended Complaint [#18] filed August 17, 2008, the defendants filed their Answer and Counterclaim [#66] on March 31, 2009. In their counterclaim, the defendants describe the terms of the Settlement Agreement, including Robinson's voluntary retirement and the defendants' agreement to pay her back pay through January 26, 2007. *Answer and Counterclaim*, ¶ ¶ 10 - 11. The defendants note that Robinson asserts in her Amended Complaint claims for front pay and back pay. *Id.*, ¶ 13. They note further that Robinson asserts a claim for "pension benefits lost because she was forced to retire in 2007." *Id.* The defendants allege that Robinson's claims are inconsistent with the terms of the Settlement Agreement. On this basis, the defendants allege a claim for unjust enrichment, arguing that it would be unjust to permit Robinson to retain the benefits of the Settlement Agreement. *Id.*, ¶ 17.

After the defendants filed their counterclaim, Robinson filed her Second Amended Complaint [#86], filed May 29, 2009. Robinson added her third and fourth claims for relief when she filed her Second Amended Complaint. In her third claim for relief, Robinson asserts a retaliation claim, alleging that the defendants filed their counterclaim in retaliation for Robinson's filing of her Amended Complaint [#18], in which she asserts an employment discrimination claim and a retaliation claim against the defendants. In her fourth claim for relief, Robinson asserts a claim for abuse of process, alleging that the defendants' filed their unjust enrichment counterclaim against Robinson knowing that the

claim had no basis and improperly attempting to force Robinson to dismiss her complaint. On June 11, 2009, the defendants dismissed voluntarily their counterclaim. *Notice of dismissal* [#90] filed June 11, 2009. In their motion to dismiss [#92], the defendants argue that Robinson's third and fourth claims must be dismissed for failure to state a claim on which relief can be granted.

## IV.  RETALIATION - THIRD CLAIM

In her third claim for relief, Robinson alleges that Meadow Gold filed its counterclaim in retaliation for Robinson's filing of her Amended Complaint, asserting a claims of race discrimination and retaliation. Robinson alleges that the counterclaim was filed in an attempt to force Robinson to dismiss her Amended Complaint against Meadow Gold. She alleges also that Meadow Gold's counterclaim would be materially adverse to a reasonable employee and could dissuade a reasonable employee from making or supporting a charge of discrimination. *Second Amended Complaint*, ¶¶ 80 - 82.

To establish a *prima facie* case of retaliation, a plaintiff must show: 91) she engaged in protected opposition to discrimination; (2) a reasonable employee would have found the employer's alleged retaliatory action to be materially adverse, meaning that the employer's action might dissuade a reasonable worker from making or supporting a charge of discrimination; and (3) a causal connection exists between the protected activity and the materially adverse action. **E.E.O.C. v. PVNF, L.L.C.**, 487 F.3d 790, 803 (10th Cir. 2007) (applying Title VII). If the plaintiff establishes a *prima facie* case of retaliation, and there is no direct evidence of retaliation, then the burden-shifting analysis of **McDonnell Douglas Corp. v. Green**, 411 U.S. 792, 802-04 (1973), is applicable. *Id*. at 804. On a motion to dismiss, it is not appropriate to evaluate the issues of an employer's legitimate non-retaliatory reason for its actions, and an employee's evidence

5

of pretext, as required under **McDonnell Douglas**. Such an evaluation requires consideration of evidence outside of the allegations in the complaint. For the purpose of the present motion to dismiss, therefore, I evaluate only whether the allegations in Robinson's complaint are sufficient to state a plausible *prima facie* case of retaliation against Meadow Gold.[3]

By filing her suit against Meadow Gold, Robinson engaged in protected opposition to discrimination. This satisfies the first element of a *prima facie* case. Meadow Gold argues that the allegations in Robinson's complaint do not satisfy the second element because Meadow Gold's counterclaim would not dissuade a reasonable person from making or supporting a charge of discrimination. I agree.

In **Timmerman v. U.S. Bank, N.A.**, 483 F.3d 1106 (10th Cir. 2007), the United States Court of Appeals for the Tenth Circuit examined a retaliation claim based on the defendant employer's filing of a counterclaim. The court did not address directly the question of whether or not a counterclaim properly can be viewed as a retaliatory action. Rather, the court left that question open. 483 F.3d at 1123 ("While it is certainly an interesting question whether the filing of counterclaims in response to discrimination claims brought by a former employee constitutes an adverse employment action, that question . . . need not be decided in this case.") However, the Tenth Circuit has held that an employer's initiation of criminal charges against a former employee, amounting to malicious prosecution, can be the basis of a retaliation claim. **Berry V. Stevinson Chevrolet**, 74 F.3d 980, 986 (10th Cir, 1996). Some courts have concluded that an employer's initiation of a civil suit against an employee can be the basis for a retaliation

---

[3] Considering the state of the record in this case, and the fact that trial is set to begin in about one month, I decline the defendants' invitation to convert their motion to dismiss to a motion for summary judgment.

6

claim.  **See, e.g., Hernandez v. Data Systems Intern., Inc.**, 266 F.Supp.2d 1285, 1306 (D.Kan. 2003); **Ward v. Wal-Mart Stores, Inc**.,140 F.Supp.2d 1220, 1231 - 1232 (D.N.M.2001) (discussing arguably groundless litigation by employer).

The **Timmerman** court noted the broad definition of adverse action adopted by the United States Supreme Court for the purpose of Title VII's anti-retaliation provision:

> We conclude that the anti-retaliation provision does not confine the actions and harms it forbids to those that are related to employment or occur at the workplace. We also conclude that the provision covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant. In the present context that means that the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination.

**Burlington Northern and Santa Fe Ry. Co. v. White** 548 U.S. 53, 57 (2006) (cited in **Timmerman**, 483 F.3d 1106, 1123 (10th Cir. 2007)).  This definition is applicable to Robinson's § 1981 retaliation claim.

I perceive a crucial distinction between an employer *initiating* its own retaliatory lawsuit against an employee, and an employer filing a counterclaim once the employer has been sued by an employee.  One of the primary justifications for permitting retaliation claims based on an employer's filing of a lawsuit against an employee is the potential chilling effect that action may have on the employee's pursuit of her discrimination claim.  **See Hernandez**, 266 F.Supp.2d at 1306 (citing **Ward v. Wal-Mart Stores, Inc.**, 140 F.Supp.2d 1220, 1231 (D.N.M. 2001)).  When an employee initiates the litigation, a counterclaim cannot dissuade the employee from making a charge of discrimination, by filing a lawsuit, because the charge necessarily must be made before the employer can file a counterclaim.  Thus, a counterclaim falls within the **Burlington Northern** definition of adverse action only if the counterclaim "could well dissuade a reasonable worker from .

. . supporting a charge of discrimination." ***Burlington Northern and Santa Fe Ry. Co.***, 548 U.S. 53, 57 (2006).

Any reasonable employee-plaintiff who files an employment discrimination suit necessarily must expect and be prepared to defend his or her claims against denials, defenses, and affirmative defenses asserted by the defendant-employer. Denials, defenses, and affirmative defenses are the ususal and, generally, reasonable responses to the initiation of a lawsuit. A plaintiff-employee who is dissuaded from supporting a charge of discrimination asserted in a lawsuit, when faced with reasonable denials, defenses, and affirmative defenses asserted by the defendant-employer, is not reasonably dissuaded. Rather, in litigation, the plaintiff-employee reasonably is expected to address denials, defenses, and affirmative defenses.

In most circumstances, and in the present case, a counterclaim is similar to a defense or affirmative defense because the counterclaim addresses the facts at issue in the complaint and asserts the rights of the defendant-employer in light of those facts. In this case, Meadow Gold's counterclaim likely is a compulsory counterclaim under FED. R. CIV. P. 13(a)(1). Under Rule 13, a defendant must file any claims against the plaintiff that arise from the same transaction or occurrence alleged in the plaintiff's complaint, or waive those claims. In this case, the counterclaim addresses the apparent contradiction between Robinson's statements in the Settlement Agreement, which is described in the Amended Complaint [#18], and some of the factual allegations in the complaint. This is precisely the sort of challenge any reasonable plaintiff must be prepared to face when filing an employment discrimination lawsuit. A plaintiff who is dissuaded from supporting a charge of discrimination when faced with a counterclaim that addresses the circumstances at issue in the complaint is not reasonably dissuaded.

It is conceivable that a frivolous, baseless, or otherwise abusive counterclaim might form the basis for a retaliation claim. However, I need not address this possibility here. Addressing Robinson's abuse of process claim, below, I analyze Meadow Gold's counterclaim and conclude that the counterclaim has an arguable basis cognizable in law. That conclusion is equally applicable here. Meadow Gold's counterclaim is not frivolous, baseless, or otherwise abusive.

Taking the allegations in Robinson's Second Amended Complaint as true, and evaluating those allegations in light of the defendants' counterclaim [#66], I conclude that Robinson's allegations in support of her retaliation claim, her third claim for relief, do not state a claim on which relief can be granted. Robinson's Second Amended Complaint does not include factual allegations that state a plausible claim for retaliation because Robinson's allegations do not satisfy the second element of a *prima facie* case of retaliation.

## V. ABUSE OF PROCESS - FOURTH CLAIM

Meadow Gold moves for dismissal of Robinson's fourth claim, her claim for abuse of process. A claim for abuse of process includes at least the following three elements: (1) an ulterior purpose for the use of a judicial proceeding; (2) willful action in the use of that process which is not proper in the regular course of the proceedings; and (3) resulting damages. **See Aztec Sound Corp. v. Western States Leasing Co.**, 510 P.2d 897, 899 (Colo.App.1973). When an abuse of process claim is premised on an action that constitutes an exercise of a First Amendment Right, a fourth element is added to the analysis. This fourth element requires that the plaintiff allege and prove that the claim lacks a "reasonable factual basis" or "a cognizable basis in law." **Lauren Corp. v. Century Geophysical Corp.**, 953 P.2d 200, 202 (Colo. App. 1998). As the **Lauren** court

noted, "the First Amendment right to petition the government for redress of grievances necessarily includes the right of access to the courts." *Id*. Because an abuse of process claim necessarily involves the use of a judicial proceeding, this fourth element usually is applicable.

Use of a legal proceeding in an improper manner is an essential element of an abuse of process claim. ***Institute for Professional Development v. Regis College***, 536 F.Supp. 632, 635 (D.Colo.1982) (applying Colorado law). Although the litigant's motive may be important in determining whether there was an "ulterior purpose" for the use of the process, it still must be established that, viewed objectively, there was an improper use of the process. Classic examples of the requisite improper use include the use of process to accomplish a coercive goal which is not the intended legal purpose of the process. ***See Aztec Sound Corp. v. Western States Leasing Co.***, 510 P.2d at 899 (defendant used replevin action not properly to regain property, but improperly as a means of forcing plaintiff to pay sum of money not due); ***Scozari v. Barone***, 546 So.2d 750 (Fla.Ct.App.1989) (filing of lien and lis pendens against father's home as a bargaining chip to compel father to negotiate in child custody dispute).

In ***Institute for Professional Development v. Regis College***, the court explained that "[i]f the action is confined to its regular and legitimate function in relation to the cause of action stated in the complaint there is no abuse, even if the plaintiff had an ulterior motive in bringing the action or if he knowingly brought suit upon an unfounded claim. Further, while the ulterior motive may be inferred from the wrongful use of the process, the wrongful use may not be inferred from the motive." 536 F.Supp. 632, 635 (citations omitted). *See also* **RESTATEMENT (SECOND) OF TORTS** § 682 comment b (1977) ( "[T]here is no action for abuse of process when the process is used for the purpose for which it is

intended, [although] there is an incidental motive of spite or an ulterior purpose....").

Robinson alleges in her Second Amended Complaint that she entered into the Settlement Agreement with Meadow Gold, that she was pressured into signing the agreement, and that she was "forced into early retirement.". *Second Amended Complaint*, ¶ ¶ 50, 53, 54.  These and other allegations in the Second Amended Complaint are contrary to the terms of the Settlement Agreement and, if Robinson proved these contentions at trial, such proof would, in effect, constitute an abrogation of the Settlement Agreement by Robinson.  Under these circumstances, Meadow Gold properly may assert an unjust enrichment claim. "[I]f the elements of unjust enrichment are established, a plaintiff may be entitled to relief, even in the face of a contract with a clearly expressed contrary intent, if justice requires." **Martinez v. Colorado Dept. of Human Services**, 97 P.3d 152, 159 (Colo.App. 2003).

Taking the allegations in Robinson's Second Amended Complaint as true, and evaluating those allegations in light of the defendants' counterclaim [#66], I conclude that Robinson's allegations in support of her abuse of process claim do not state a claim for abuse of process on which relief can be granted.  Most important, considering the plaintiff's allegations and the defendants' counterclaim, the plaintiff has not alleged sufficiently that the defendants' counterclaim does not have a basis cognizable in law or, stated differently, that the counterclaim is not confined to its regular and legitimate function in relation to the present case.  Rather, Robinson's apparent abrogation of the Settlement Agreement in her factual allegations, and the potential that Robinson's evidence might substantiate her abrogation, makes the defendants' unjust enrichment claim viable and proper.  Viewed objectively, that claim has a cognizable basis in law and is proper in the regular course of these proceedings.  The defendants' motion to dismiss

Robinson's abuse of process claim, her fourth claim for relief, is granted.

## VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the defendants' **Motion To Dismiss Third and Fourth Claims for Relief Contained in Plaintiff Mary Robinson's Second Amended Complaint** [#92], filed June 12, 2009, is **GRANTED** as to the plaintiff's third claim for relief, her claim for retaliation based on the defendants' filing of a counterclaim;

2. That the defendants' **Motion To Dismiss Third and Fourth Claims for Relief Contained in Plaintiff Mary Robinson's Second Amended Complaint** [#92], filed June 12, 2009, is **GRANTED** as to the plaintiff's fourth claim for relief, her claim for abuse of process;

3. That under FED. R. CIV. P. 12(b)(6), the plaintiff's third and fourth claims for relief are **DISMISSED**;

4. That **JUDGMENT SHALL ENTER** in favor of the defendants, Dean Foods Company, A Delaware Corporation, Dean West, LLC, A Delaware Limited Liability Corporation, Southern Foods Group, LLC, A Delaware Limited Liability Company Doing Business as Meadow Gold Dairy, against the plaintiff, Mary Robinson, on the plaintiff's third and fourth claims for relief, as stated in her Second Amended Complaint [#86] filed May 29, 2009; and

5.  That the defendants are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to FED. R. CIV. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated July 30, 2009, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge